UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

CODY STEELE,

    Plaintiff,

v.                                  CIVIL ACTION NO. 5:23-cv-00212

PACK,
LILLY,
COX, and
CLEAR,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendants Pack, Lilly, Cox, and Clear's Renewed Motion for Summary Judgment [ECF 36], filed July 3, 2024. Plaintiff Cody Steele responded in opposition on July 17, 2024. [ECF 38]. Defendants replied on July 24, 2024. [ECF 39]. The matter is ready for adjudication.

**I.**

Mr. Steele instituted this action on March 13, 2023, bringing claims for (1) outrageous conduct and (2) violation of 42 U.S.C. §1983/excessive force/cruel and unusual punishment. He claims that while incarcerated at Southern Regional Jail the Defendants – all correctional officers – used excessive force against him by beating him and slamming his head against the wall. [ECF 1 at 2]. The Defendants' Renewed Motion for Summary Judgment asserts (1) Mr. Steele failed to exhaust his administrative remedies or (2) he untimely exhausted his administrative remedies. Either would result in the necessary dismissal of the action. Notably, the

Defendants attempted to take Mr. Steele's deposition, but his attorney was unable to locate him. [ECF 39 at 3 n.2].

The Court ordered Mr. Steele to appear for a Show Cause Hearing. Mr. Steele's attorney was directed to undertake best efforts to ensure his client received a copy of the Court's Order and Notice. Mr. Steele failed to appear to the Show Cause Hearing on Friday, September 13, 2024.

## II.

Prior to dismissal under *Federal Rule of Civil Procedure* 41(b) the Court should consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of sanctions less drastic than dismissal." *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991) (citation and internal quotation marks omitted); *see also Luna v. Guilford Cnty., N. Carolina,* 326 F.R.D. 103, 105 (M.D.N.C. 2018).

Here, three out of the four factors weigh in favor of dismissal. First, contact between the plaintiff and his counsel is essential for prosecution of the case. Second, the Defendants have been prejudiced by their inability to take Mr. Steele's deposition prior to the dispositive motions deadline. Additionally, trial is currently set for a little more than a month away on October 29, 2024. Third, this case has not been unduly drawn out. It was only filed eighteen months ago, and the parties never moved to amend the schedule. Fourth, due to the essential contact between the plaintiff and his counsel there is no less drastic sanction than dismissal available to the Court. When counsel is unable to locate their client another less drastic sanction would be ineffective.

Accordingly, Defendants' Renewed Motion for Summary Judgment [**ECF 36**] is **DENIED WITHOUT PREJUDICE**. It is **ORDERED** that this case be, and hereby is,

**DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: September 16, 2024

Frank W. Volk
Chief United States District Judge

3